UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SKYLEE BUTLER,<br><br>                Plaintiff,<br>    v.<br><br>MERCK & CO., INC., a New Jersey Corporation; and MERCK SHARP & DOHME CORP., a New Jersey Corporation,<br><br>                Defendants. | Case 3:22-cv-10006-MGM |

**MEMORANDUM IN SUPPORT OF EMERGENCY MOTION TO STAY ACTION PENDING MDL RULING IN MDL NO. 3036 IN RE: GARDASIL PRODUCTS LIABILITY LITIGATION**

## SUMMARY OF RELEVANT PROCEEDINGS

In this products liability action, Plaintiff, SKYLEE BUTLER alleges she sustained a number of injuries, including but not limited to autoimmune injuries, as a result of being injected with the Gardasil vaccine, manufactured by Defendants, MERCK & CO., INC., and MERCK SHARP & DOHME CORP., (collectively "Merck").

On April 12, 2022, Plaintiff and various other Gardasil injured plaintiffs in other Gardasil personal injury cases moved for consolidation of coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407. That request seeks consolidation of coordinated pretrial proceedings in at least 33 Gardasil personal injury autoimmune lawsuits pending in 25 different district courts, before 31 different judges being handled by eight different plaintiffs' law firms. Presently, any response to the plaintiffs' request for coordination is due on or before May 20, 2022, and any reply is due on or before

May 27, 2022. Plaintiff expects the plaintiffs' request for coordination will be heard at the **July 28, 2022** JPML hearing. Plaintiff is hopeful the consolidation motion will be granted given the JPML recently consolidated the cases of plaintiffs injured by another Merck vaccine, Zostavax. *See In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig.*, 330 F. Supp. 3d 1378, 1379 (J.P.M.L. 2018) (granting motion for centralization in cases where plaintiffs alleged they suffered various types of injuries due to Merck's shingles vaccine and reasoning that consolidation will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve resources).

Unfortunately, a decision regarding pre-trial coordination will likely not be rendered by the JPML until *after* the parties' briefing (and perhaps even after this Court's ruling) on the motion to dismiss Merck filed on April 29, 2022. See Docket No. 8. As such, Plaintiff brings this motion on an **emergency basis** pursuant to Local Rule 40.4(a)(2), as the standard Local Rule 7.1 briefing timeframe needs to be compressed to allow for this Court to hear the motion before the May 12 deadline. Were this motion to be heard on the standard Local Rule 7.1 timeframe, then the hearing would necessarily occur after the primary deadline that Plaintiff is seeking to stay with this motion. This eventuality would add to the risk of there being inconsistent pretrial rulings by different courts, a situation that would pose a significant hardship on Plaintiff.

Accordingly, Plaintiff moves this Court to exercise its discretion to stay this action in its entirety, pending a ruling by the JPML concerning the motion to transfer this action for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407, because work done in this matter by this Court and the parties now, before the

JPML's decision on the MDL application, could potentially become wasted effort if an MDL is created and consolidation occurs. Given the pending MDL petition and the numerous related cases currently awaiting a ruling before the JPML, conservation of the parties' resources and judicial efficiency dictate that this case should be stayed pending the JPML's ruling. "Courts frequently grant stays pending a decision by the [JPML] regarding whether to transfer a case." *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998); *see also Alves v. Prospect Mortg., LLC,* No. CIV.A. 13-10985-JLT, 2013 WL 5755465, at *3 (D. Mass. Oct. 22, 2013) (granting motion to stay and holding "were this court to deny Defendant's motion and forge ahead with discovery and other pretrial matters, and the JPML to grant Defendant's motion to transfer, this court may well waste time and expense on matters that will then be duplicated by the transferee court…Considerations of judicial economy thus favor entering a stay.")

## ARGUMENT

The Court has the inherent power to control its own docket, including the power to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). How best to manage the Court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id*. at 254-55. In deciding whether to grant a stay pending the outcome of a consolidation motion before the JPML, a court should consider: " '(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party without a stay; and, (3) judicial economy.' " *Alves*, 2013 WL 5755465, at *2 (D. Mass. Oct. 22, 2013) (quoting *Good v. Altria Grp., Inc.*, 624 F. Supp. 2d 132, 134 (D. Me. 2009)); see also *Glazer v. Whirlpool Corp.*, 2008 WL 4534133, at *2 (N.D.

3

Ohio Oct. 6, 2008).

"The purpose of transfers [for consolidated proceedings] is to further judicial economy and to eliminate the potential for conflicting pretrial rulings. *Id.* (citing Stanley A. Weigel, *The Judicial Panel on Multidistrict Litigation, Transferor Courts and Transferee Courts*, 78 F.R.D. 575 (1978)). "Courts frequently grant stays pending a decision by the [JPML] regarding whether to transfer a case." *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998)); *see also Nguyen v. BP Expl. & Prod., Inc.*, 2010 WL 3169316, (S.D. Tex. Aug. 9, 2010) (granting motion to stay pending decision on MDL creation); *Glazer v. Whirlpool Corp.*, 2008 WL 4534133 (N.D. Ohio Oct. 6, 2008) (same); *Alves*, 2013 WL 5755465, at *2 (same).

In *Glazer*, the plaintiff filed a putative class action complaint against defendant Whirlpool, alleging that all Whirlpool Duet Sport washing machines contain a common defect. *Glazer*, 2008 WL 4534133, at *1. Given there were similar cases pending in different jurisdictions, Whirlpool filed a motion before the MDL Panel for a transfer of all related actions to the Northern District of Illinois, pursuant to 28 U.S.C. § 1407. *Id.* Whirlpool then filed a motion to stay proceedings in the *Glazer* case in the Northern District of Ohio pending resolution of the transfer motion before the MDL Panel, arguing that it "would be subject to discovery and motions practice in this action that are likely to duplicate the discovery and motions practice conducted in the MDL proceeding, and may face conflicting pretrial rulings." *Id*. The court agreed with Whirpool, and granted its motion to stay the case pending resolution by the JPML. *Id*. at 2.

4

Specifically, the court found that a temporary stay would not prejudice the plaintiff. *Id*. This is because the "action has not progressed beyond the early stages of litigation, and discovery has only just begun." *Id*. Moreover, the court also found that a "decision to deny the stay would prejudice the Defendant, however, because Whirlpool would be required to engage in extensive overlapping discovery simultaneously in different fora." *Id*. Lastly, the court noted that considerations of judicial economy warranted a stay, as there was a risk of the parties conducting duplicative discovery, as well as a risk of duplicative judicial efforts and inconsistent rulings across similar cases.

Another analogue is the aforementioned *Nguyen* case. *Nguyen* was one of the many cases arising from the explosion and fire on the Deepwater Horizon drilling rig. Defendant BP first filed a motion for stay of proceedings pending transfer by the JPML, and then co-defendant Cameron International Corporation ("Cameron") filed a motion to stay the Southern District of Texas *Nguyen* case pending the decision on the MDL transfer. *Nguyen*, 2010 WL 3169316, at *1. BP's motion was scheduled to be heard by the JPML on July 29, 2010, with a decision expected sometime in August 2010. *Id*. Plaintiffs opposed the motion to stay, arguing that they had a pending motion to remand in front of the district court. *Id*. The court rejected plaintiffs' argument, and granted the motion to stay, noting that the motion to remand "can be decided promptly either by the court to which the MDL is assigned if the Panel grants BP's request or by this Court if BP's request is denied." *Id*. at *1-2. The court further noted that Defendants "may suffer significant hardship if the stay is denied," as they "face a significant risk of inconsistent pretrial rulings by different courts if there is no stay in

effect until the Panel issues its decision." *Id*. at *2. Lastly, the court concluded that the "savings in time and expense to the judiciary and the parties will clearly be enormous" if the many related cases were consolidated in a single MDL proceeding. *Id*.

This case is on all fours with *Glazer* and *Nguyen*. Here, like in *Glazer* and *Nguyen*, there are related cases pending in jurisdictions across the country such that one of the parties has made a move to consolidate the proceedings in a single MDL. Moreover, Merck, like the plaintiffs in *Nguyen*, has brought a motion before the district court, and will likely argue that the pending motion necessitates denial of the motion to stay. However, forcing this Court to rule on Merck's motion to dismiss (that should ultimately be adjudicated by the transferee court if the cases are consolidated) further support illustrates why Plaintiff's motion to stay should be granted. *See e.g., Good v. Altria Grp., Inc.*, 624 F. Supp. 2d 132, 135 (D. Me. 2009) (noting plaintiff's pending class certification motion provided further reason why Court would grant defendant's motion to stay pending a determination by the JPML as to transfer). Additionally, like in *Glazer*, this case has not progressed beyond the early stages of litigation; it is not even open for discovery. In light of these facts, this Court should follow the *Glazer* and *Nguyen* courts' leads and grant Plaintiff's motion to stay. As in *Nguyen*, Plaintiffs "may suffer significant hardship if the stay is denied," as they "face a significant risk of inconsistent pretrial rulings by different courts if there is no stay in effect until the Panel issues its decision." *Nguyen*, 2010 WL 3169316, at *2. In addition, like in *Glazer*, a "decision to deny the stay would prejudice . . . [Plaintiffs] . . . because . . . [Plaintiffs] would be required to engage in extensive overlapping discovery simultaneously in

different fora." *Glazer*, 2008 WL 4534133, at *2.  Furthermore, Merck's motion to dismiss "can be decided promptly either by the court to which the MDL is assigned" if the Panel grants Plaintiffs' request, "or by this Court if . . . [the] request is denied." *Nguyen*, 2010 WL 3169316, at *1.

A temporary stay would create no prejudice to Merck, especially given that Merck has already filed a motion to dismiss.  Rather, in the absence of a stay, the parties would engage in duplicative discovery efforts across the various pending Gardasil-related cases that are being considered for consolidation by the JPML.  *See Segovia v. Bristol-Myers Squibb Co.*, No. CVNO1500519DKWRLP, 2016 WL 7007482, at *3 (D. Haw. Nov. 30, 2016) (finding that the hardship to the defendant pharmaceutical company in engaging in duplicative discovery efforts warranted a stay).

Lastly, like in *Glazer* and *Nguyen*, consolidation in an MDL will promote judicial economy.  A brief stay of these proceedings will preserve judicial resources "by avoiding duplicative litigation if the cases are in fact consolidated." *Gulf Crown Seafood, Inc. v. BP, PLC, et al.*, No. 10-1344, 2010 WL 11707509, at *1 (E.D. La. June 2, 2010).  Notably, courts within the First Circuit, including *Good* and *Alves,* both relied heavily on the judicial economy factor to stay the respective cases pending a ruling by the JPML, as both courts concluded that judicial economy mandated granting the stay motion. *Good*, 624 F. Supp. 2d at 136 ("even if the Court were inclined to speculate that transfer is unlikely, considerations of judicial economy weigh heavily in favor of imposing a brief stay."); *see also Alves*, 2013 WL 5755465, at *3 ("Considerations of judicial economy thus favor entering a stay.")

Given the shared factual and legal issues between this case and the 32 other actions being considered for centralized proceedings within the MDL, the plaintiffs across the various pending actions will likely seek discovery of and move to compel the same or similar documents and will seek to depose various Merck custodians in each of the pending cases.  By awaiting a ruling on consolidation by the JPML, which Plaintiff believes is likely, judicial economy would be served as only one court would adjudicate the parties' discovery disputes and other pre-trial rulings.[1]  Without a stay pending transfer, there could be inconsistent results and prejudice to all parties given the potential duplication of effort across multiple proceedings and risk of inconsistent rulings.  *See In re E. Airlines, Inc. Flight Attendant Weight Program Litig.*, 391 F. Supp. 763, 764 (J.P.M.L.1975) (listing as factors in the transfer decision the presence of common factual questions and the potential for duplication of discovery and inconsistent pretrial rulings); *see also In re: Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 812 F. Supp. 2d 1380, 1383 (U.S. Jud. Pan. Mult. Lit. 2011) ("[c]entralization … will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation by avoiding duplicative discovery and other pretrial proceedings on complex common factual issues. Centralization also will ensure that a single judge presides over these actions providing consistency, preventing conflicting rulings, and

---

[1] Plaintiff believes consolidation by the JPML is likely given the volume of complex cases involved, which are currently pending across the country by multiple other firms representing different individual plaintiffs.  Indeed, the JPML recently consolidated another vaccine-related litigation against Defendant Merck.  *See In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig.*, 330 F. Supp. 3d 1378, 1379 (J.P.M.L. 2018)

8

greatly reducing the duplicative expenditure of judicial resources…").

## CONCLUSION

Based on the foregoing arguments, Plaintiff respectfully requests that this Court enter an order staying all proceedings in this matter pending the JPML's decision on whether to consolidate the related actions.

Dated: May 4, 2022

Respectfully submitted,
**BAILEY & GLASSER LLP**

By: */s/ John Roddy*
John Roddy, BBO # 424240
jroddy@baileyglasser.com
176 Federal Street, 5th Floor
Boston, MA 02110
Telephone: (617) 439-6730
Facsimile: (617) 951-3954

Michael L. Baum (*Pro Hac Vice* to be filed)
mbaum@baumhedlundlaw.com
Bijan Esfandiari (*Pro Hac Vice* to be filed)
besfandiari@baumhedlundlaw.com
**BAUM, HEDLUND, ARISTEI, & GOLDMAN, P.C.**
10940 Wilshire Blvd., Suite 1600
Los Angeles, CA 90024
Telephone: (310) 207-3233
Facsimile: (310) 820-7444

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

  I, John Roddy, hereby certify that on May 4, 2022, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all counsel of record in this matter.

           */s/ John Roddy*
           John Roddy